UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT <br> 1000 Vermont Ave. NW, Suite 1100 <br> Washington, DC 20005, <br><br> SIERRA CLUB <br> 2101 Webster Street, Suite 1300 <br> Oakland, CA 94612, <br><br> PORT ARTHUR COMMUNITY ACTION NETWORK <br> 501 West 15th Street <br> Port Arthur, TX 77640, <br><br> ENVIRONMENT TEXAS <br> 200 East 30th Street <br> Austin, TX 78705, <br><br> NETA RHYNE <br> 9227 Highway 17 <br> Toyahvale, TX 79786, <br><br> *Plaintiffs*, <br><br> v. <br><br> ANDREW WHEELER, in his official capacity as Administrator, U.S. Environmental Protection Agency, <br> William Jefferson Clinton Building <br> Mail Code 1101A <br> 1200 Pennsylvania Ave., NW <br> Washington, DC 20460, <br><br> *Defendant*. | Civil Action No. _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## STATEMENT OF THE CASE

1. This is a civil action for declaratory and injunctive relief, with costs and fees under the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, and the declaratory judgment statute, 28

U.S.C. §§ 2201, 2202.

2. With this action, Plaintiffs Environmental Integrity Project ("EIP"), Sierra Club, Port Arthur Community Action Network, Environment Texas, and Neta Rhyne ("Plaintiffs") seek an order declaring that the United States Environmental Protection Agency ("EPA") through the Defendant EPA Administrator Andrew Wheeler ("Administrator"), is required, pursuant to 42 U.S.C. § 7661d(b)(2), to grant or deny eight petitions filed by Plaintiffs. Each of these petitions requests that the Administrator object to a permit issued under Title V of the Clean Air Act by the Texas Commission on Environmental Quality ("TCEQ") authorizing operation of a major source of air pollution located in the state of Texas. Plaintiffs also seek an order requiring the Administrator to perform his non-discretionary duty to grant or deny each of these petitions by March 31, 2021.

3. The eight petitions at issue in this action are listed in the table below and attached hereto as Exhibits A through H:

| Permit Number | Operator | Source Name | Exhibit Number |
|---|---|---|---|
| O2546 | ETC Texas Pipeline LTD | Waha Gas Plant | Exhibit A |
| O1498 | Premcor Refining Group Inc. | Port Arthur Refinery | Exhibit B |
| O3336 | Sandy Creek Services LLC | Sandy Creek Energy Station | Exhibit C |
| O1440 | Phillips 66 | Borger Refinery | Exhibit D |
| O3764 | Kinder Morgan Crude & Condensate LLC | Galena Park Facility | Exhibit E |
| O2942 | Oak Grove Management Company LLC | Oak Grove Steam Electric Station | Exhibit F |
| O1513 | BP Amoco Chemical Company | Texas City Chemical Plant | Exhibit G |
| O1541 | Blanchard Refining Company LLC | Galveston Bay Refinery | Exhibit H |

2

## JURISDICTION, VENUE, AND NOTICE

4. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a), and has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d). This Court also has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant), as the Clean Air Act is a federal statute and the Administrator is an agent of the United States government.

5. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, nor does it involve the Tariff Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders such relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief, and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

6. A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. In addition, Plaintiffs bring this suit against the Administrator in his official capacity as an officer or employee of EPA, residing in the District of Columbia. Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e).

7. As required by 42 U.S.C. § 7604(b)(1)(A), Plaintiffs notified the Administrator of the EPA of the violations alleged in this complaint and of Plaintiffs' intent to sue, via certified first-class mail and email. Exhibits I (Notice of Intent Letter) and J (Notice of Intent Letter Delivery Confirmation). The notice letter was received on September 28, 2020.

8. More than 60 days have passed since the Administrator received this notice of intent to sue letter. The Administrator has not acted to remedy the violations alleged in this Complaint. Therefore, an actual controversy exists between the parties.

## PARTIES

<u>The Plaintiffs</u>

9. Plaintiff ENVIRONMENTAL INTEGRITY PROJECT is a national nonprofit corporation founded to advocate for the effective enforcement of state and federal environmental laws, with a specific focus on the Clean Air Act and large stationary sources of air pollution, like chemical plants, petroleum refineries, and power plants. EPA's failure to respond in a timely manner to Plaintiffs' petitions, which demonstrate that Texas Title V permits for some of the largest sources of air pollution in the United States fail to comply with the Clean Air Act, adversely affects EIP's ability to assure that major sources of air pollution comply with federally enforceable public health protections.

10. Plaintiff SIERRA CLUB is one of the Nation's largest and oldest grassroots nonprofit membership organizations. Sierra Club's Texas chapter was formed more than forty years ago and has a long history of working to reduce industrial air pollution that adversely affect air quality in Texas. Sierra Club petitioned the Administrator to object to the eight Title V permits, because the permits fail to comply with Clean Air Act requirements. The Administrator's failure to perform his non-discretionary duty to grant or deny each of these petitions injures the organizational interests of Sierra Club as well as the concrete public health interests of its members.

11. Plaintiff PORT ARTHUR COMMUNITY ACTION NETWORK is a community group formed by Port Arthur residents to advocate for solutions that reduce or eliminate environmental and public health hazards and to improve the quality of life in Port Arthur, Texas. The Administrator's failure to perform his non-discretionary duty to grant or deny Plaintiffs' petition to object to the Title V permit for the Port Arthur Refinery injures the organizational interests of the Port Arthur Community Action Network as well as the concrete

public health interests of its members.

12. Plaintiff ENVIRONMENT TEXAS is a statewide non-profit environmental organization that advocates for clean air, clean water, and preservation of Texas's natural areas on behalf of its approximately 5,000 members. Environment Texas researches and distributes analytical reports on environmental issues, advocates before legislative and administrative bodies, conducts public education, and pursues public interest litigation on behalf of its members. The Administrator's failure to perform his non-discretionary duty to grant or deny each of these petitions injures the organizational interests of Environment Texas as well as the concrete public health interests of its members.

13. Plaintiff NETA RHYNE is a private citizen who lives in the northwest region of Texas. Ms. Rhyne is exposed to sulfur dioxide pollution and other disruptive effects of oil and gas activities in the Permian Basin. The Administrator's failure to grant or deny the petition to object to the Title V permit for the Waha Gas Plant injures Ms. Rhyne's concrete health and property interests.

14. Plaintiffs have an interest in ensuring that Title V permits authorizing operation of the Waha Gas Plant, the Port Arthur Refinery, the Sandy Creek Energy Station, the Borger Refinery, the Galena Park Facility, the Oak Grove Steam Electric Station, the Texas City Chemical Plant, and the Galveston Bay Refinery comply with all applicable federal requirements. Members and employees of Plaintiff organizations live, work, and recreate in areas that are affected by air pollution emitted from each of the major industrial sources that are the subjects of the petitions and this Complaint. Neta Rhyne lives, works and recreates in areas of Texas that are affected by air pollution from the Waha Gas Plant. Neta Rhyne, members and employees of Plaintiff organizations, as well as Plaintiff organizations, will be harmed if EPA

fails to object to the Title V permits authorizing operation of these major sources.

<u>The Defendant</u>

15. Defendant Andrew Wheeler is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing and enforcing the Clean Air Act. The Clean Air Act assigns to the Administrator a nondiscretionary duty to grant or deny timely filed Title V petitions within 60 days.

16. For the foregoing reasons, the Administrator's failure to respond to Plaintiffs' petitions has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries that the Court can redress through this case.

**LEGAL AUTHORITY**

17. The Clean Air Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and productive capacity of its population. 42 U.S.C. § 7401(b)(1). To advance this goal, Congress amended the Act in 1990 to establish the Title V operating permit program. *See* 42 U.S.C. §§ 7661-7661f. Title V of the Clean Air Act provides that "[a]fter the effective date of any permit program approved or promulgated under this subchapter, it shall be unlawful for any person to violate any requirement of a permit issued under this subchapter, or to operate . . . a major source . . . except in compliance with a permit issued by a permitting authority under this subchapter." 42 U.S.C. § 7661a(a).

18. The Waha Gas Plant, the Port Arthur Refinery, the Sandy Creek Energy Station, the Borger Refinery, the Galena Park Facility, the Oak Grove Steam Electric Station, the Texas City Chemical Plant, and the Galveston Bay Refinery are all major sources subject to Title V permitting requirements.

19. The Clean Air Act provides that the Administrator may approve a state's program

to administer the Title V operating permit program with respect to sources within its borders. 42 U.S.C. § 7661a(d). The Administrator approved Texas's administration of its Title V operating permit program. 61 Fed. Reg. 32693 (June 25, 1996); 66 Fed. Reg. 66318 (December 6, 2001). Thus, the TCEQ is responsible for issuing Title V operating permits in Texas.

20. Before the TCEQ may issue, modify, or renew a Title V permit, it must forward the proposed permit to EPA for review. 42 U.S.C. § 7661d(a)(1)(B). The Administrator then has 45 days to review the proposed permit. The Administrator must object to the permit if he finds that it does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1). If the Administrator does not object to the permit during EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the permit. 42 U.S.C. § 7661d(b)(2).

21. If a petition is timely filed, the Administrator has a non-discretionary duty to grant or deny it within 60 days. *Id*.

22. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## FACTUAL BACKGROUND

Waha Gas Plant

23. ETC Texas Pipeline Ltd.'s ("ETC") Waha Gas Plant is located in Pecos County, Texas. It is a major source of volatile organic compounds, sulfur dioxide, nitrogen oxides, and carbon monoxide.

24. ETC applied to the TCEQ for a renewal of Title V Permit No. O2546 for the Waha Gas Plant on October 17, 2018. The Executive Director of the TCEQ issued a draft renewal

operating permit ("Waha Draft Permit"), notice of which was published on May 16, 2019. The public comment period for the Waha Draft Permit ended on June 17, 2019.

25. On June 17, 2019, the Environmental Integrity Project and Neta Rhyne submitted timely written comments to the TCEQ during the public comment period. The comments identified specific deficiencies contained in the Waha Draft Permit.

26. EPA's 45-day review period for the proposed permit ended on January 10, 2020. EPA did not object to the permit.

27. On March 10, 2020, the Environmental Integrity Project, Sierra Club, and Texas Campaign for the Environment timely filed with EPA a petition to object to the Waha Title V operating permit. 42. U.S.C. § 7661d(b)(2). The petition was based on objections to the Waha Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

28. Though the Administrator was required to grant or deny the petition within 60 days, he has not yet done so. 42 U.S.C. § 7661d(b)(2).

Port Arthur Refinery

29. Premcor Refining Group Inc.'s ("Premcor") Port Arthur Refinery is located in Jefferson County, Texas. The Port Arthur Refinery is a major source of air pollution that emits a variety of federally-regulated pollutants, including particulate matter, nitrogen oxides, sulfur dioxide, volatile organic compounds, and hazardous air pollutants.

30. Premcor filed a renewal application for Title V Permit No. O1498 on July 5, 2011. The Executive Director of the TCEQ issued a draft renewal operating permit ("Port Arthur Refinery Draft Permit"), notice of which was published on December 16, 2015. The public comment period for the Port Arthur Refinery Draft Permit ended on January 15, 2016.

31. On January 12, 2016, the Environmental Integrity Project, Sierra Club, and Air Alliance Houston submitted timely written comments to the TCEQ during the public comment period. The comments identified specific deficiencies contained in the Port Arthur Refinery Draft Permit.

32. EPA's 45-day review period for the proposed permit ended on December 22, 2017. EPA did not object to the permit.

33. On February 20, 2018, the Environmental Integrity Project, Sierra Club, and Port Arthur Community Action Network timely filed with EPA a petition to object to the Port Arthur Refinery Title V operating permit. 42. U.S.C. § 7661d(b)(2). The petition was based on objections to the Port Arthur Refinery Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

34. Though the Administrator was required to grant or deny the petition within 60 days, he has not yet done so. 42 U.S.C. § 7661d(b)(2).

Sandy Creek Energy Station

35. The Sandy Creek Energy Station is a major source of many different federally regulated pollutants, including particulate matter, nitrogen oxides, sulfur dioxide, volatile organic compounds, and hazardous air pollutants. The Sandy Creek Energy Station is located in McLennan County, Texas.

36. Sandy Creek Services, LLC ("Sandy Creek") filed an application for Title V Permit No. O3336 on October 30, 2009. The Executive Director of the TCEQ issued a draft operating permit ("Sandy Creek Draft Permit"), notice of which was published on September 26, 2016. According to the public notice, the public comment period for the Sandy Creek Draft Permit would end 30 days after the date of publication.

37. On October 26, 2016, EIP and Sierra Club submitted timely written comments to the TCEQ during the public comment period. These comments identified specific deficiencies contained in the Sandy Creek Draft Permit.

38. EPA's 45-day review period for the proposed permit ended on November 17, 2017. EPA did not object to the permit.

39. On January 16, 2018, EIP and Sierra Club timely filed with EPA a petition to object to the Sandy Creek Title V operating permit. 42. U.S.C. § 7661d(b)(2). The petition was based on objections to the Sandy Creek Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

40. Though the Administrator was required to grant or deny the petition within 60 days, he has not yet done so. 42 U.S.C. § 7661d(b)(2).

Borger Refinery

41. Phillips 66's Borger Refinery is a major source of volatile organic compounds, sulfur dioxide, particulate matter, nitrogen oxide, carbon monoxide, greenhouse gasses, and hazardous air pollutants located in Hutchinson County, Texas.

42. Phillips 66 filed an application to renew Title V Permit No. O1440 on August 28, 2013. The Executive Director of the TCEQ issued a draft operating permit ("Borger Draft Permit"), notice of which was published on October 14, 2015. According to the public notice, the public comment period for the Borger Draft Permit would end 30 days after the date of publication.

43. On November 13, 2015, EIP and Sierra Club submitted timely written comments to the TCEQ during the public comment period. These comments identified specific deficiencies contained in the Borger Draft Permit.

44. On May 25, 2017, the Executive Director forwarded his response to public comments along with his proposed renewal Title V Permit No. O1440 to EPA for review.

45. EPA's 45-day review period for the Borger Title V permit ended on July 14, 2017. EPA did not object to the permit.

46. On September 12, 2017, EIP and Sierra Club timely filed with EPA a petition to object to the Borger Title V operating permit. 42. U.S.C. § 7661d(b)(2). The Petition was based on objections to the Borger Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

Galena Park Facility

47. Kinder Morgan Crude & Condensate LLC's ("Kinder Morgan") Galena Park Facility is a major source of volatile organic compounds, nitrogen oxide, carbon monoxide, hazardous air pollutants, and greenhouse gasses located Galena Park, Harris County, Texas.

48. Kinder Morgan filed an application for Title V Permit No. O3764 on November 12, 2014. The Executive Director of the TCEQ issued a draft operating permit ("Galena Park Draft Permit"), notice of which was published on October 29, 2015. According to the public notice, the public comment period for the Galena Park Draft Permit would end 30 days after the date of publication. Bilingual notice of the Galena Park Draft Permit was published on November 1, 2015 and provided that the comment period of the Galena Park Draft Permit would end 30 days after the date of publication.

49. On November 30, 2015, EIP, Texas Environmental Justice Advocacy Services, Sierra Club, Environment Texas, and Air Alliance Houston timely-submitted written comments to the TCEQ during the public comment period. These comments identified specific deficiencies contained in the Galena Park Draft Permit.

50. EPA's 45-day review period for the Galena Park permit ended on June 30, 2017. EPA did not object to the permit.

51. On August 29, 2017, EIP, Texas Environmental Justice Advocacy Services, Sierra Club, Environment Texas, Air Alliance Houston, and Patricia Gonzales timely filed with EPA a petition to object to the Galena Park Title V operating permit. 42. U.S.C. § 7661d(b)(2). The petition was based on objections to the Galena Park Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

Oak Grove Steam Electric Station

52. Oak Grove Management Company's ("Oak Grove") Oak Grove Steam Electric Station is a major source of volatile organic compounds, sulfur dioxide, particulate matter, nitrogen oxide, carbon monoxide, hazardous air pollutants, and greenhouse gasses located Robertson County, Texas.

53. Oak Grove filed an application for Title V Permit No. O2942 on March 23, 2007. The Executive Director of the TCEQ issued a draft operating permit ("Oak Grove Draft Permit"), notice of which was published on August 3, 2016. According to the public notice, the public comment period for the Oak Grove Draft Permit would end 30 days after the date of publication.

54. On August 31, 2016, EIP and Sierra Club timely-submitted written comments to the TCEQ during the public comment period. These comments identified specific deficiencies contained in the Oak Grove Draft Permit.

55. EPA's 45-day review period for the Oak Grove Title V permit ended on May 26, 2017. EPA did not object to the permit.

56. On July 25, 2017, EIP and Sierra Club timely filed with EPA a petition to object

to the Oak Grove Title V operating permit. 42. U.S.C. § 7661d(b)(2). The petition was based on objections to the Oak Grove Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

Texas City Chemical Plant

57. BP Amoco Chemical Company's ("BP") Texas City Chemical Plant is a major source of volatile organic compounds, nitrogen oxide, carbon monoxide, hazardous air pollutants, and greenhouse gases located in Galveston County, Texas.

58. BP filed an application to renew Title V Permit No. O1513 on November 14, 2013. The Executive Director of the TCEQ issued a draft operating permit ("BP Draft Permit"), notice of which was published on June 12, 2014. According to the public notice, the public comment period for the BP Draft Permit would end 30 days after the date of publication.

59. On July 24, 2014, EIP, Air Alliance Houston, and Sierra Club timely-submitted written comments to the TCEQ during the public comment period. These comments identified specific deficiencies contained in the BP Draft Permit.

60. EPA's 45-day review period for the BP Title V permit ended on February 3, 2017. EPA did not object to the permit.

61. On April 4, 2017, EIP and Sierra Club timely filed with EPA a petition to object to the BP Title V operating permit. 42. U.S.C. § 7661d(b)(2). The petition was based on objections to the BP Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

Galveston Bay Refinery

62. Blanchard Refining Company LLC's ("Blanchard") Galveston Bay Refinery is a major source of volatile organic compounds, sulfur dioxide, particulate matter, nitrogen oxide,

13

carbon monoxide, and hazardous air pollutants located in Galveston County, Texas.

63. Blanchard filed an application to renew Title V Permit No. O1541 on March 3, 2009. The Executive Director of the TCEQ issued a draft operating permit ("Blanchard Draft Permit"), notice of which was published on September 6, 2012. According to the public notice, the public comment period for the Blanchard Draft Permit would end 30 days after the date of publication.

64. On October 5, 2012, EIP, Air Alliance Houston, and Sierra Club timely-submitted written comments to the TCEQ during the public comment period. These comments identified specific deficiencies contained in the Blanchard Draft Permit.

65. On August 27, 2014, Blanchard published notice of a revised Blanchard Draft Permit. This notice did not identify any changes made to the initial Blanchard Draft Permit, nor did it respond to public comments concerning the Blanchard Draft Permit.

66. Notice of a second revision to the Blanchard Draft Permit was published on December 17, 2015. This notice did not identify any changes made from the previous version of the Blanchard Draft Permit, nor did it respond to public comments on the initial Blanchard Draft Permit. The notice for the second revision to the Blanchard Draft Permit indicated that the public comment period would end 30 days after the date the notice was published.

67. On January 19, 2016, EIP, Air Alliance Houston, and Sierra Club timely filed public comments on the second revision to the Blanchard Draft Permit. These comments identified specific deficiencies contained in the Blanchard Draft Permit.

68. EPA's 45-day review period for the Blanchard Title V permit ended on February 10, 2017. EPA did not object to the permit.

69. On April 11, 2017, EIP and Sierra Club timely filed with EPA a petition to object

to the Blanchard Title V operating permit. 42. U.S.C. § 7661d(b)(2). The petition was based on objections to the Blanchard Draft Permit that were raised with reasonable specificity during the public comment periods for that permit, as required by 42 U.S.C. § 7661d(b)(2).

70. More than 60 days has passed since Plaintiffs filed each of the eight Title V petitions referenced in Paragraphs 27, 33, 39, 46, 51, 56, 61, and 69 of this Complaint. Though the Administrator was required to grant or deny each of these Title V petitions within 60 days, 42 U.S.C. § 7661d(b)(2), he has not granted or denied any of them.

71. On September 24, 2020, Plaintiffs sent Administrator Andrew Wheeler notice of their intent to sue for his failure to grant or deny their eight Title V petitions within 60 days.

## CLAIMS FOR RELIEF

### VIOLATIONS OF 42 U.S.C. § 7661d(b)(2)
(Failure to Respond to Plaintiffs' Petitions)

### FIRST CLAIM

**(Failure to Respond to Plaintiffs' Petition for Objection to the Waha Plant Permit)**

72. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-71.

73. The Administrator has a nondiscretionary duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Waha Gas Plant permit. 42 U.S.C. § 7661d(b)(2) ("[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).

74. It has been more than 60 days since the Administrator received Plaintiffs' petition requesting that EPA object to the Waha Gas Plant permit.

75. The Administrator has not granted or denied Plaintiffs' Waha Gas Plant petition.

76. The Administrator has failed to perform this nondiscretionary duty and remains in violation of this obligation.

## SECOND CLAIM

**(Failure to Respond to Plaintiffs' Petition for Objection to the Port Arthur Refinery Permit)**

77. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-71.

78. The Administrator has a nondiscretionary duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Port Arthur Refinery permit. 42 U.S.C. § 7661d(b)(2) ("[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).

79. It has been more than 60 days since the Administrator received Plaintiffs' petition requesting that EPA object to the Port Arthur Refinery permit.

80. The Administrator has not granted or denied Plaintiffs' Port Arthur Refinery petition.

81. The Administrator has failed to perform this nondiscretionary duty and remains in violation of this obligation.

## THIRD CLAIM

**(Failure to Respond to Plaintiffs' Petition for Objection to the Sandy Creek Energy Station Permit)**

82. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-71.

83. The Administrator has a nondiscretionary duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Sandy Creek Energy Station permit. 42 U.S.C. § 7661d(b)(2) ("[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).

84. It has been more than 60 days since the Administrator received Plaintiffs' petition requesting that EPA object to the Sandy Creek Energy Station permit.

85. The Administrator has not granted or denied Plaintiffs' Sandy Creek Energy Station petition.

86. The Administrator has failed to perform this nondiscretionary duty and remains in violation of this obligation.

## FOURTH CLAIM

**(Failure to Respond to Plaintiffs' Petition for Objection to the Borger Refinery Permit)**

87. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-71.

88. The Administrator has a nondiscretionary duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Borger Refinery permit. 42 U.S.C. § 7661d(b)(2) ("[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).

89. It has been more than 60 days since the Administrator received Plaintiffs' petition requesting that EPA object to the Borger Refinery permit.

90. The Administrator has not granted or denied Plaintiffs' Borger Refinery petition.

91. The Administrator has failed to perform this nondiscretionary duty and remains in violation of this obligation.

## FIFTH CLAIM

**(Failure to Respond to Plaintiffs' Petition for Objection to the Galena Park Facility Permit)**

92. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-71.

93. The Administrator has a nondiscretionary duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Galena Park Facility permit. 42 U.S.C. § 7661d(b)(2) ("[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).

94. It has been more than 60 days since the Administrator received Plaintiffs' petition requesting that EPA object to the Galena Park Facility permit.

95. The Administrator has not granted or denied Plaintiffs' Galena Park Facility petition.

96. The Administrator has failed to perform this nondiscretionary duty and remains in violation of this obligation.

### SIXTH CLAIM

**(Failure to Respond to Plaintiffs' Petition for Objection to the Oak Grove Steam Electric Station Permit)**

97. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-71.

98. The Administrator has a nondiscretionary duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Oak Grove Steam Electric Station permit. 42 U.S.C. § 7661d(b)(2) ("[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).

99. It has been more than 60 days since the Administrator received Plaintiffs' petition requesting that EPA object to the Oak Grove Steam Electric Station permit.

100. The Administrator has not granted or denied Plaintiffs' Oak Grove Steam Electric Station petition.

101. The Administrator has failed to perform this nondiscretionary duty and remains in violation of this obligation.

### SEVENTH CLAIM

**(Failure to Respond to Plaintiffs' Petition for Objection to the Oak Grove Steam Electric Station Permit)**

102. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-71.

103. The Administrator has a nondiscretionary duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Texas City Chemical Plant permit. 42 U.S.C. § 7661d(b)(2) ("[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).

104. It has been more than 60 days since the Administrator received Plaintiffs' petition requesting that EPA object to the Texas City Chemical Plant permit.

105. The Administrator has not granted or denied Plaintiffs' Texas City Chemical Plant petition.

106. The Administrator has failed to perform this nondiscretionary duty and remains in violation of this obligation.

## EIGHTH CLAIM

### (Failure to Respond to Plaintiffs' Petition for Objection to the Oak Grove Steam Electric Station Permit)

107. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-71.

108. The Administrator has a nondiscretionary duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Galveston Bay Refinery permit. 42 U.S.C. § 7661d(b)(2) ("[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).

109. It has been more than 60 days since the Administrator received Plaintiffs' petition requesting that EPA object to the Galveston Bay Refinery permit.

110. The Administrator has not granted or denied Plaintiffs' Galveston Bay Refinery petition.

111. The Administrator has failed to perform this nondiscretionary duty and remains in violation of this obligation.

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

A. Declare that the Administrator's failure to grant or deny each of the Plaintiffs' petitions within 60 days constitutes a separate failure to perform acts or duties that are not discretionary within the meaning of 42 U.S.C. § 7604(a)(2);

B. Order the Administrator to grant or deny each petition by March 31, 2021;

C. Retain jurisdiction over this action to ensure compliance with the Court's Order;

D. Award Plaintiffs their costs and fees related to this action; and

E. Grant such other relief as the Court deems just and proper.

Respectfully submitted on this 4th day of January, 2021,

ATTORNEY OF RECORD

*/s/ Sylvia Lam*
SYLVIA LAM
D.C. Bar No. 1049147
Environmental Integrity Project
1000 Vermont Ave., N.W., Suite 1100
Washington, DC 20005
Phone: (202) 888-2701
slam@environmentalintegrity.org

*Attorney for Plaintiffs*